No. 24-2990

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

ADOLPH MICHELIN,
Petitioner – Appellee,

v.

WARDEN MOSHANNON VALLEY
PROCESSING CENTER, et al.,
Respondents – Appellants.

ON APPEAL FROM
THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

OPENING BRIEF FOR APPELLANTS

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney
General

WILLIAM C. SILVIS
Assistant Director

JESSICA W. D'ARRIGO
DHRUMAN Y. SAMPAT
Senior Litigation Counsel

MARIE H. FEYCHE
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
(202) 598-9724
Marie.Feyche@usdoj.gov

*Counsel for Appellants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................II

INTRODUCTION.............................................................................1

JURISDICTIONAL STATEMENT ...................................................2

STATEMENT OF THE ISSUE ..........................................................3

STATEMENT OF RELATED CASES.................................................3

STATEMENT OF THE CASE............................................................4

    I.    Michelin's Immigration History ................................................4

    Ii.   The District Court Awards Attorney's Fees Under EAJA..........7

SUMMARY OF THE ARGUMENT ...................................................8

STANDARD OF REVIEW ...............................................................10

ARGUMENT ...................................................................................10

    EAJA Does Not Waive Sovereign Immunity for Habeas Cases
Challenging Immigration Detention. ..............................................10

CONCLUSION.................................................................................11

CORPORATE DISCLOSURE STATEMENT....................................2

STATEMENT REGARDING ORAL ARGUMENT ..........................3

ANTI-VIRUS CERTIFICATION .......................................................4

# TABLE OF AUTHORITIES

## Cases

*Abioye v. Oddo*,
   No. 23-cv-251-CBB, 2024 WL 4304738 (W.D. Pa. Sept. 26, 2024) ..11

*Abioye v. Warden Moshannon Valley Correctional Center, et al.*,
   No. 24-3198 (3d Cir.)..................................................................... 4, 10

*Barco v. Witte*,
   65 F.4th 782 (5th Cir. 2023) ..............................................................2

*Daley v. Fed. Bureau of Prisons*,
   199 F. App'x 119 (3d Cir. 2006) ................................................. 4, 8,11

*Dep't of Agric. v. Kirtz*,
   601 U.S. 42 (2024)...............................................................................9

*FAA v. Cooper*,
   566 U.S. 284 (2012)..........................................................................1, 8

*German Santos v. Warden Pike County Corr. Facility*,
   965 F.3d 203 (3d Cir. 2020) ...............................................................6

*Karns v. Shanahan*,
   879 F.3d 504 (3d Cir. 2018) .............................................................10

*Kirtz v. Trans. Union LLC*,
   46 F.4th 159 (3d Cir. 2022).............................................................10

*Obando-Segura v. Garland*,
   999 F.3d 190, (4th Cir. 2021)..............................................................2

*Santana v. United States*,
   98 F.3d 752 (3d Cir. 1996) ..........................................................1, 4, 8

**Statutes**

8 U.S.C. § 1226(a) ................................................................5

8 U.S.C. § 1231(a)(6) ...........................................................5

28 U.S.C. § 1291 ..................................................................2

28 U.S.C. § 1294(1) ..............................................................3

28 U.S.C. § 2241 ...............................................................6, 8

28 U.S.C. § 2412(d)(1)(A) ............................................. 1, 3, 10

**Rules**

Fed. R. Civ. P. 4(a)(1)(B) .....................................................3

## INTRODUCTION

This is an appeal from an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"). The underlying action was a habeas petition challenging immigration detention. The district court's jurisdiction to grant a fee award would only exist if Congress had waived sovereign immunity for EAJA awards stemming from such habeas actions. The standard for finding such a waiver is exacting: "a waiver of sovereign immunity must be *'unequivocally expressed'* in statutory text." *FAA v. Cooper*, 566 U.S. 284, 290 (2012) (quoting *Lane v. Peña*, 518 U.S. 187, 192 (1996) (emphasis added) (citation omitted)).

EAJA, however, only waives immunity for "civil action[s]." 28 U.S.C. § 2412(d)(1)(A). And it is well recognized that habeas proceedings are "hybrid [in] nature," and thus "are often determined to be outside the reach of the phrase 'civil action.'" *Santana v. United States*, 98 F.3d 752, 754 (3d Cir. 1996).

Given that hybrid nature and resulting ambiguity as to whether habeas proceedings are "civil action[s]," it inexorably follows that EAJA's text does not unequivocally waive sovereign immunity. Indeed, both the Fourth and Fifth Circuits have squarely held as much for

1

habeas cases involving immigration detention (like this one). *See Obando-Segura v. Garland*, 999 F.3d 190, 191 (4th Cir. 2021) (holding EAJA does not apply to "habeas proceedings seeking release from civil detention"); *Barco v. Witte*, 65 F.4th 782 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 553 (2024). And it does not appear that any circuit that has applied the proper test has held otherwise.

This Court should join its sister circuits in recognizing that because EAJA's text does not unequivocally waive sovereign immunity for habeas petitions challenging immigration detention, no EAJA awards can be made in such cases.

Because EAJA does not waive sovereign immunity for habeas petitions involving immigration detention, this Court should reverse the district court's order granting a fee award under EAJA.

## JURISDICTIONAL STATEMENT

The district court awarded Michelin attorney's fees under EAJA. App'x 3. This Court has jurisdiction to review that order under 28 U.S.C. § 1291.

Respondents–Appellants Warden Moshannon Valley Processing Center; Acting Field Office Director of Immigration and Customs

Enforcement and Removal Operations, Philadelphia Field Office; Director of U.S. Immigration and Customs Enforcement; U.S. Secretary of Homeland Security; and U.S. Attorney General, (collectively, the "Government"), timely filed this appeal on October 24, 2024. App'x 1; *see* Fed. R. Civ. P. 4(a)(1)(B). Venue is proper as the proceedings below took place in the Western District of Pennsylvania. 28 U.S.C. § 1294(1).

## STATEMENT OF THE ISSUE

Whether EAJA's limited waiver of the United States' sovereign immunity in "civil action[s]," 28 U.S.C. § 2412(d)(1)(A), unambiguously encompasses petitions for writs of habeas corpus challenging immigration detention. *See* App'x 74-77 (issue raised), 102-105 (issue objected to), 6-9 (issue ruled upon).

## STATEMENT OF RELATED CASES

The Government filed a notice of appeal from the district court's order granting in part Michelin's amended habeas petition and directing the Government to arrange for Michelin to have a bond hearing before an immigration judge, but the Government dismissed the appeal before any briefing was filed. App'x 38.

Counsel for the Government is aware of the following related cases pending in this Court and elsewhere: *Abioye v. Warden Moshannon Valley Correctional Center, et al.*, No. 24-3198 (3d Cir.);[1] *Daley v. Choate, et al.*, No. 24-1191 (10th Cir.). Counsel is also aware of the following related decisions from this Court: *Daley v. Fed. Bureau of Prisons*, 199 F. App'x 119 (3d Cir. 2006); *Santana v. United States*, 98 F.3d 752 (3d Cir. 1996).

## STATEMENT OF THE CASE

### I.   Michelin's immigration history

Petitioner Adolph Michelin, a native and citizen of Jamaica, entered the United States in 2010 on a visitor visa and overstayed his authorized presence. App'x 279. Immigration and Customs Enforcement ("ICE") detained Michelin in 2012 and placed him into removal proceedings as a visa overstay. *Id.* Michelin was released on bond in late 2012. *Id.* Michelin's removal proceedings concluded in 2016. App'x 280. In 2017, the Immigration Court denied Michelin's

---

[1] This Court *sua sponte* consolidated this case with *Abioye* for disposition only. *See* Dkt. No. 12.

application for adjustment of status and ordered that he be removed, and the Board of Immigration Appeals ("BIA") affirmed in 2018. *Id.*

In January 2022, Petitioner was arrested by ICE on an active I-205, Warrant of Removal/Deportation and detained at Moshannon Valley Processing Center. App'x 284. ICE determined that, due to Michelin's "egregious criminal history," continued detention was warranted. App'x 395-396. Michelin was scheduled to be removed on a flight to Jamaica on March 31, 2022. App'x 284. On March 25, 2022, however, Michelin moved to reopen his immigration case with the BIA based on his fear of return to Jamaica and applied for an emergency stay of removal. *Id*. At the time of the merits decision on his habeas petition, the BIA stayed removal, but the motion to reopen was pending. App'x 284-85.

On January 17, 2023, the immigration judge held a bond hearing at Michelin's request at which time DHS posited that Michelin was detained under 8 U.S.C. § 1231(a)(6), correcting its prior statement to Michelin's counsel that he was being detained under 8 U.S.C. § 1226(a). App'x 128, 129. On January 19, 2023, it was determined Michelin would not be released from custody at that time. App'x 459-460.

On February 6, 2023, Michelin filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. App'x 118-151. On February 10, 2023, Michelin filed the amended petition. App'x 277-311. Michelin challenged his then 14-month detention under § 1231(a) without a bond hearing. He argued his detention had become unreasonably prolonged under the four-factor test in *German Santos v. Warden Pike County Corr. Facility*, 965 F.3d 203 (3d Cir. 2020). App'x 290. Michelin requested that the district court order a bond hearing where the Government would bear the burden of showing by clear and convincing evidence that he was a flight risk or a danger to the community. App'x 309.

On August 8, 2023, approximately 19 months into Michelin's immigration detention, the district court granted the habeas petition and ruled the balance of the *German Santos* factors weighed in Michelin's favor. App'x 21-37. The court then ordered the Government "to arrange for [Michelin] to have a bond hearing before an immigration judge within 30 days at which the government bears the burden to justify [Michelin's] continued detention by clear and convincing

evidence." App'x 37. Michelin received a hearing and was released on bond.

## II. The district court awards attorney's fees under EAJA.

Michelin timely moved for EAJA fees. App'x 47-57. The Government opposed, arguing, in relevant part, that an EAJA award was barred by sovereign immunity because EAJA's waiver for "civil actions" does not unambiguously and unequivocally apply to habeas petitions challenging immigration detention, which are hybrid criminal/civil proceedings. App'x 74-77.

On August 26, 2024, the district court granted the motion, ordering the Government to pay Michelin's counsel the sum of $15,841.60 in attorneys' fees. App'x 19. In so doing, the court held that habeas cases challenging immigration detention qualify as "civil actions" under EAJA. App'x 9. The court acknowledged the circuit-split on this issue and relied on "the reasoning of the Second and Ninth Circuits, as well as recent district court cases that have held that immigration habeas cases are 'civil actions' covered by the EAJA." App'x 8. The court also relied on the Supreme Court and this Court's description of immigration proceedings as "civil in nature" and stated

that had Congress "intended to exclude habeas actions from the EAJA, it would have done so as it excluded tort actions." App'x 9.

The court did not find this Court's unpublished decision holding that criminal habeas actions under § 2241 do not qualify as "civil actions" under EAJA to be instructive, reasoning that it lacked precedential value because it is an unpublished decision. *See Daley v. Fed. Bureau of Prisons*, 199 F. App'x 119, 121 (3d Cir. 2006); App'x 6. Nor did the court square its reasoning with this Court's recognition that habeas proceedings are not "civil actions" under the Prison Litigation Reform Act. *See Santana*, 98 F.3d at 754.

This appeal followed.

## SUMMARY OF THE ARGUMENT

This Court should reverse the district court's award of EAJA fees. Congress did not waive sovereign immunity to allow EAJA fee awards in habeas cases involving immigration detention. To be effective, "a waiver of sovereign immunity must be '*unequivocally expressed*' in statutory text." *Cooper*, 566 U.S. at 290 (emphasis added). And under the clear-statement rule, if there is a plausible interpretation of a statute that preserves immunity, then Congress has not manifested its

intent to waive immunity. *See Dep't of Agric. V. Kirtz*, 601 U.S. 42, 49 (2024).

Immigration habeas cases do not unambiguously fall within the general category of "civil actions." That is because habeas actions have long been understood as neither wholly criminal nor wholly civil. Instead, they are unique, hybrid actions in a category of their own. Therefore, habeas cases challenging immigration detention are not unambiguously and unequivocally "civil actions" under EAJA, and EAJA thus does not waive sovereign immunity here.

The district court should have considered that the phrase "civil action" can be plausibly read to exclude these hybrid actions, which compels a conclusion that EAJA does not unambiguously waive sovereign immunity. Instead, the court effectively inverted the clear statement rule and relied on: (1) the fact that Congress had not explicitly excluded habeas cases from EAJA's reach; and (2) decisions from courts of appeals in other circuits that invoked legislative history and policy considerations to make sense of the ambiguity of the phrase "civil action." And the court did so while overlooking decisions by *this Court* holding criminal habeas cases are *not* "civil actions" under both

EAJA and the Prison Litigation Reform Act. App'x 3-20. Accordingly, the district court erred in holding that EAJA's limited waiver of the United States' sovereign immunity in "civil action[s]," 28 U.S.C. § 2412(d)(1)(A), unambiguously encompasses immigration habeas petitions.

## STANDARD OF REVIEW

This Court "review[s] *de novo* the legal grounds underpinning a claim of qualified immunity or sovereign immunity." *Karns v. Shanahan*, 879 F.3d 504, 512 (3d Cir. 2018); *Kirtz v. Trans. Union LLC*, 46 F.4th 159, 163 (3d Cir. 2022).

## ARGUMENT

**EAJA does not waive sovereign immunity for habeas cases challenging immigration detention.**

The Government hereby incorporates pages 15–40 of the Government's opening brief filed in *Adewumi Abioye v. Warden Moshannon Valley Processing Center, et al.*, No. 24-3198, Dkt. No. 14 (3d Cir. Mar. 10, 2025), pursuant to this Court's order encouraging the

parties "to file consolidated briefs or adopt portions by reference." Dkt.

No. 12.[2]

**CONCLUSION**

For the foregoing reasons, this Court should reverse the district

court's EAJA order.

Dated: March 31, 2025   Respectfully submitted,

           YAAKOV M. ROTH
           Acting Assistant Attorney General
           Civil Division

           DREW C. ENSIGN
           Deputy Assistant Attorney General
           Civil Division

           WILLIAM C. SILVIS
           Assistant Director
           Office of Immigration Litigation

---

[2] In *Abioye*, the district court's order granting petitioner's motion for attorneys' fees under the EAJA does not discuss *Daley v. Fed. Bureau of Prisons*, 199 F. App'x 119 (3d Cir. 2006). *Abioye v. Oddo*, No. 23-cv-251-CBB, 2024 WL 4304738 (W.D. Pa. Sept. 26, 2024). In *Michelin*, the district court's order granting petitioner's motion for attorneys' fees under the EAJA acknowledges *Daley* but found that it is not instructive because it is an unpublished decision. App'x 6. For the reasons discussed on pages 25–34 of the opening brief filed in *Adewumi Abioye v. Warden Moshannon Valley Processing Center, et al.*, No. 24-3198, Dkt. No. 14 (3d Cir. Mar. 10, 2025), the Court should follow the precedent set in *Daley* and find "a § 2241 habeas petition is not a 'civil action' for purposes of EAJA." *See Daley v. Fed. Bureau of Prisons*, 199 F. App'x 119, 121 (3d Cir. 2006).

Civil Division

JESSICA W. D'ARRIGO
DHRUMAN Y. SAMPAT
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division

*s/Marie H. Feyche*
MARIE H. FEYCHE
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 598-9724
Marie.Feyche@usdoj.gov

12

# CERTIFICATION OF COMPLIANCE AND SERVICE

I hereby certify that the body of this brief complies with the Federal Rules of Appellate Procedure and the Local Rules set forth by this Court. I further certify I am admitted to and have filing privileges with the United States Court of Appeals for the Third Circuit.

I further certify that on March 31, 2025, I caused a copy of this motion to be served, by the Notice of Docketing Activity generated by the Third Circuit's electronic filing system, on counsel of record.

Dated: March 31, 2025          *s/ Marie H. Feyche*
MARIE H. FEYCHE
Trial Attorney, U.S. Dept. of Justice

# CORPORATE DISCLOSURE STATEMENT

Respondents are federal government employees sued in their official capacities. As such, they are not required to file a corporate disclosure statement under Federal Rule of Appellate Procedure 26.1(a).

Dated: March 31, 2025

*s/ Marie H. Feyche*
MARIE H. FEYCHE
Trial Attorney, U.S. Dept. of Justice

## STATEMENT REGARDING ORAL ARGUMENT

Respondents believe that oral argument will materially assist the

Court in adjudicating the issues raise in this appeal.

Dated: March 31, 2025

*s/ Marie H. Feyche*
MARIE H. FEYCHE
Trial Attorney, U.S. Dept. of Justice

# ANTI-VIRUS CERTIFICATION

This is to certify that the foregoing Answering Brief is free of viruses.

Dated: March 31, 2025

s/ Marie H. Feyche
MARIE H. FEYCHE
Trial Attorney, U.S. Dept. of Justice